IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINTON EPPS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DAWG BONE TRUCKING LLC and | § | |
| RAEMON RICHARDS, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLINTON EPPS (hereinafter "Plaintiff"), complaining of DAWG BONE TRUCKING LLC and RAEMON RICHARDS (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

**I. Discovery Level**

1. Discovery in this matter may be conducted under Federal Rules of Civil Procedure.

**II. Jurisdiction and Venue**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as complete diversity exists among the Parties, and Plaintiff seeks monetary damages in excess of $75,000. Plaintiff is a citizen of Texas.

3. Venue is proper pursuant to 28 U.S.C § 1391(b), because a substantial part of the events or omission giving rise to Plaintiff's claims occurred in this district.

### III. Parties

3.  Plaintiff CLINTON EPPS is a resident of Texas.

4.  Defendant DAWG BONE TRUCKING LLC is an Arizona for-profit business with a principal place of business in Maricopa, Arizona. This Defendant may be served with process through its registered agent, Raemon Richards at 42003 West Michaels Drive, Maricopa, Arizona 85138.

5.  Defendant RAEMON RICHARDS is a natural person and resident of Arizona. This Defendant may be served with process at his personal residence at 42003 West Michaels Drive, Maricopa, Arizona 85138, or wherever he may be found.

### IV. Facts

6.  On or about November 17, 2023, Plaintiff suffered severe bodily injuries as a result of Defendants' negligence and gross negligence. On that date, Plaintiff was stopped at the intersection on 288 and Almeda Genoa in Houston, Texas when he was suddenly and unexpectedly struck by Defendant Richards. At the time of the accident, Defendant Richards failed to keep a proper look out and attempted an unsafe turn. As a result of the above, Plaintiff was seriously injured. Specifically, Plaintiff has injured his back, shoulder, legs, and other parts of his body.

7.  At all relevant times, Defendant Richards was acting in the course and scope of his employment with Defendant Dawg Bone Trucking and acting in furtherance of a mission for Defendant Dawg Bone Trucking's benefit and subject to its control. Additionally, Defendant Richards was driving a vehicle owned and maintained by Defendant Dawg Bone Trucking and was operating the vehicle with Defendant Dawg Bone Trucking's authority.

### V. Causes of Action

A.  **_Negligence and Gross Negligence (Against All Defendants)_**

8.  Plaintiff repeats and realleges each allegation contained above.

9.  Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to turn safely;
- Failed to maintain a safe distance;
- Failed to pay attention to the road ahead;
- Failed to operate the vehicle safely;
- Failed to properly supervise its employees;
- Failed to properly train its employees;
- Failed to prudently supervise the job;
- Failed to follow applicable state laws, rules and regulations; and
- Other acts deemed negligent and grossly negligent.

10. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries.

11. Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

B.  **_Negligence Per Se (Against All Defendants)_**

12. Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Sections 545.101, 545.103, and 545.401.

13. Plaintiff is a member of the class that Texas Transportation Code Sections 545.101, 545.103, and 545.401 were designed to protect.

14. Defendants' unexcused breach of the duties imposed by Texas Transportation Code Sections 545.101, 545.103, and 545.401 proximately caused Plaintiff's injuries described herein.

## PLAINTIFF'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST DEFENDANT DAWG BONE TRUCKING LLC

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Richards was within the course and scope of employment for Defendant Dawg Bone Trucking.

16. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Richards was engaged in the furtherance of Defendant Dawg Bone Trucking's business.

17. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Richards was engaged in accomplishing a task for which Defendant Dawg Bone Trucking was employed.

18. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant Dawg Bone Trucking.

## AGENCY

19. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Dawg Bone Trucking, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Dawg Bone Trucking.

20. Therefore, Defendant Dawg Bone Trucking is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

C. **_Negligent Hiring (Against Defendant Dawg Bone Trucking LLC)_**

21. Plaintiff repeats and realleges each allegation contained above.

22. Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Defendant Richards as a potential employee.

- Failure to properly follow up on information not provided by Defendant Richards in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate Defendant Richard's training, prior employment, criminal record, and past.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a vehicle on the public roadways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

D. **_Negligent Training (Against Defendant Dawg Bone Trucking LLC)_**

23. Plaintiff repeats and realleges each allegation contained above.

24. Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Richards

- Failure to provide the necessary training to Defendant Richards

5

regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Defendant Richards, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

E. *Negligent Supervision, Retention, and Monitoring (Against Defendant Dawg Bone Trucking LLC)*

25. Plaintiff repeats and realleges each allegation contained above.

26. Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Defendant Richards to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant Richards to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant Richards, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant Richards to ensure that he was keeping the vehicle properly maintained.

6

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### F. *Negligent Entrustment (Against Defendant Dawg Bone Trucking LLC)*

27. Plaintiff repeats and realleges each allegation contained above.

28. Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle and/or authority to Defendant Richards who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

### G. *Ratification (Against Defendant Dawg Bone Trucking LLC)*

28. Plaintiff repeats and realleges each allegation contained above.

29. Defendant is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant:

- Retained Defendant Richards after he committed the underlying tortious acts;

- Knew of Defendant Richards's tortious acts;

- Recognized that Defendant Richards will likely continue to be negligent if he is retained;

- Recognized that Defendant Richards will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent Defendant Richards from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Richards' negligent and grossly negligent conduct after Defendant Dawg Bone Trucking LLC gained knowledge of the conduct.

7

30. As a result of Defendant Richards' negligent and grossly negligent conduct, which Defendant Dawg Bone Trucking ratified, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injury. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## VI. Damages

31. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages. Plaintiff affirmatively states that he seeks damages in excess of $75,000.00. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendants;
- Actual damages;
- Consequential damages;
- Pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Interest on damages (pre and post-judgment) in accordance with the law;
- Costs of Court;
- Expert witness fees;

- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

## VII. Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

## VIII. Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Adam Lewis*
_____
Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
Andrew A. Bowman
SBN: 24136370
abowman@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850

**For electronic service:**

e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**